**EXHIBIT B**

F I L E D

FEB 20 2019

CONNIE LADNER
CIRCUIT CLERK

BY: _____ D.C.

## IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI
### FIRST JUDICIAL DISTRICT

**CHAROLETTE R. KUNS**

**PLAINTIFF**

**VERSUS**

NO. A2401-19-47

**WASTE PRO OF MISSISSIPPI, INC.**

**DEFENDANT**

### COMPLAINT

**COMES NOW**, the Plaintiff Charolette Kuns, through counsel, and brings this action against the Defendant and in support thereof would show the following, to wit:

### PARTIES

1. Plaintiff Charolette R. Kuns (herein after "Plaintiff" or Charolette Kuns") is an adult resident of Harrison County and has resided in Mississippi for more than six months before the filing of this action.

2. Defendant Waste Pro of Mississippi, Inc. ("Waste Pro") is a Mississippi Corporation registered with the Mississippi Secretary of State. Waste Pro may be served with process via its Registered Agent, CT Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, MS 39232.

### JURISDICTION AND VENUE

3. This Court has in rem jurisdiction over this matter pursuant to 29 USC Section 2617(a)(2) which provides that actions for violation of the Family and Medical Leave Act ("FMLA") may be brought in any Federal or State court of competent jurisdiction.

4. This Court has personal jurisdiction over the Plaintiff since she is an adult resident citizen of the Second Judicial District of Harrison County, Mississippi.

5. This Court has personal jurisdiction over the Defendant Waste Pro since Waste Pro is doing business in the First Judicial District of Harrison County, Mississippi and this action arises from that said business activity.

6. Venue is proper in this case pursuant to MS Code Section 11-11-3 since this cause arose or accrued in the First Judicial District of Harrison County, Mississippi where substantial acts or omissions occurred in this action and where a substantial event that caused Plaintiff's injury in this action occurred.

## FACTS OF CASE

7. Waste Pro provides solid waste collection services in Harrison County and other jurisdictions in Mississippi.

8. In October 2008, Charolette Kuns began working for Delta Sanitation in Jackson County, Mississippi ("Jackson County") as a driver. During the first year of this employment, Charolette Kuns learned to operate all of the trucks of this waste collection operation on the residential side.

9. Later, Waste Pro took over Jackson County waste collection. Charolette Kuns continued to work operating waste collection trucks for Waste Pro in Jackson County and she also worked for the company as an administrative assistant.

10. Waste Pro promoted Charolette Kuns to Regional Safety Inspector. In this position, Charolette Kuns oversaw 14 divisions of Waste Pro located in Alabama, Louisiana, and Mississippi.

11. Waste Pro also trained Charolette Kuns to work as a dispatcher for waste collection vehicles.

12. In 2014, Waste Pro transferred Charolette Kuns to work as a driver in its Gulfport, Mississippi ("Gulfport") operations. By 2018, Charolette Kuns was operating a grapple truck for Waste Pro in Gulfport.

13. In April 2018, Charolette Kuns became ill with colitis. Despite her condition, Charolette Kuns initially continued to perform her duties in her employment with Waste Pro.

14. As the illness progressed, Charolette Kuns continued to work as she became severely dehydrated and was unable to properly eat or drink. She suffered from fatigue and vertigo. She experienced significant drops in her blood pressure.

15. On or about June 8, 2018, Charolette Kuns left work due to her fatigue and vertigo.

16. On or about June 14, 2018, Charolette Kuns notified Waste Pro of her request for Family Medical Leave Act ("FMLA") leave beginning on June 11, 2018 for her own serious health condition. See Exhibit "1" (Form WH-381 Notice of Eligibility and Rights and Responsibilities - Family and Medical Leave Act issued by Waste Pro).

17. On June 19, 2018, Waste Pro provided to Charolette Kuns "FMLA paperwork" and the forms needed to apply for Short Term Disability with Principal Financial Group. See Exhibit "2" (Waste Pro June 19, 2018 Letter).

18. On or about June 26, 2018, Charlotte Kuns and her health care provider completed the "FMLA paperwork" and returned the same to Waste Pro. At that time, Charlotte Kuns' health care provider estimated her period of incapacity would last from June 11, 2018 to September 11, 2018. See Exhibit "3" (Form WH-380-E, Certification of Health Care Provider for Employee's Serious Health Condition - Family and Medical Leave Act).

19. On or about August 10, 2018, Waste Pro approved Charlotte Kuns' FMLA leave request for the period of time from June 11, 2018 thru September 2, 2018. See Exhibit "4" (Form WH-382 Designation Notice - Family and Medical Leave Act).

20. By August 7, 2018, Charlotte Kuns' health care provider released her to return to work. On or about August 9, 2018, a physician employed by Waste Pro released Charlotte Kuns to return to work.

21. On August 10, 2018, Charolette Kuns reported to work but she felt dizzy and was unable to work. Charolette Kuns reported her condition to the Waste Pro site manager who allowed her to leave the work site. Later that same day, Charolette Kuns went to her health care provider who released her from work until August 13, 2018. Charolette Kuns notified Waste Pro of her release from work until August 13, 2018.

22. Charolette Kuns returned to work on August 13, 2018. Waste Pro assigned

Charolette Kuns to operate a cart truck on August 13, 14, and 15, 2018.

23. On August 15, 2018, Waste Pro terminated Charolette Kuns' employment.

24. At the time of her termination, Charolette Kuns was the only female employee of Waste Pro employed at the Gulfport site.

25. Waste Pro is an "employer" for purposes of 29 USC Section 2611(4) since it is engaged in commerce or in any industry or activity affecting commerce and it employs 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year.

26. Charolette Kuns is an "Eligible employee" for purposes of 29 USC Section 2611(4)(A)(i) since she had been employed for at least 12 months by Waste Pro prior to requesting leave under the FMLA on or about June 14, 2018 and she was employed by Waste Pro for at least 1250 hours of service with Waste Pro during the 12 month period before she requested FMLA leave on or about June 14, 2018.

27. Charolette Kuns is informed and believes, and on that basis alleges, that, as a proximate result of Waste Pro's conduct described herein, Charolette Kuns' right to extended leave to recover from her colitis condition was interfered with and impaired in violation of 29 U.S.C. Section 2615(a)(1).

28. Charolette Kuns is informed and believes, and on that basis alleges, that, as a proximate result of Waste Pro's conduct described herein, Waste Pro's termination of her employment was in retaliation to Charolette Kuns taking a leave of absence to recover from colitis condition and violated her right to return to her employment upon her return from leave in violation of 29 U.S.C. Section 2615(a)(2).

29. As a proximate cause of Waste Pro's conduct, Charolette Kuns experienced a period of unemployment and has experienced a loss of wages while being forced to expend significant personal sums in order to obtain reinstatement to her employment position with Waste Pro to which she is entitled, to provide food, shelter and clothing for both she and her family. These expenditures and costs are consistent with those recoverable for violation of the FMLA.

### FIRST CLAIM FOR RELIEF
(Compensatory Damages Under the FMLA)
29 U.S.C. Section 2617(a)

30. Charolette Kuns re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 28 above, inclusive.

31. Charolette Kuns is informed and believes, and on that basis alleges, that there was an "entitlement to leave" as defined in the FMLA, 29 U.S.C. Section 2612(1), and that Charolette Kuns was denied her entitlement to leave as prescribed in the FMLA.

32. Charolette Kuns is informed and believes, and on that basis alleges, that, Waste Pro is responsible under the FMLA, 29 U.S.C. Section 2617(a).

33. As a result of Charolette Kuns wrongful termination, Charolette Kuns has incurred, and is now incurring, a loss of wages and employment benefits, all within the meaning of the FMLA, 29 U.S.C. Section 2617(a), in an amount to be proved at trial, but believed to exceed $25,000.00. These costs include, without limitation, back pay from the effective date of termination, lost employment benefits from the effective date of termination, the loss of front pay and employment benefits as of the date of this complaint, and any

interest on the amount thereon as provided in the FMLA, 29 U.S.C. Section 2617. The costs also include attorney's fees that, as of the date of this complaint exceed, $1,000.00.

34. Charlotte Kuns is informed and believes, and on that basis alleges, that, pursuant to FMLA, 29 U.S.C. Section 2617, Waste Pro is liable to Charlotte Kuns for the costs described in the preceding paragraph.

## SECOND CLAIM FOR RELIEF
(Declaratory Relief for Compensatory Damages Under the FMLA)
29 U.S.C. Section 2617(a)

35. Charlotte Kuns re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 34 above, inclusive.

36. An actual controversy now exists between Charolette Kuns on the one hand and Waste Pro, on the other, in that Charlotte Kuns contends that Waste Pro is liable under the FMLA, 29 U.S.C. Section 2617(a), for all lost wages, benefits, and costs to be incurred by Charlotte Kuns in connection with the alleged employment discrimination perpetrated by Waste Pro. Upon information and belief, Waste Pro contends in all respects to the contrary.

37. A declaration of the rights and obligations of the parties, pursuant to FMLA, 29 U.S.C. Section 2617(a), binding in any subsequent action or actions to recover further costs incurred by Charolette Kuns, is appropriate and in the interests of justice.

**WHEREFORE**, Charlotte Kuns prays for Judgment against Defendant Waste Pro of Mississippi, Inc., as follows:

### AS TO THE FIRST CLAIM FOR RELIEF
### FOR COMPENSATORY DAMAGES UNDER THE FMLA

A.  For compensatory damages and all other costs incurred by Charolette

Kuns according to proof but believed to exceed $25,000.00.

B.  For Charolette Kuns' reasonable attorneys' fees.

### AS TO THE SECOND CLAIM FOR RELIEF
### FOR DECLARATORY RELIEF UNDER THE FMLA

C.  For a judicial declaration that the defendant Waste Pro is liable under the

FMLA, 29 U.S.C. Section 2617(a) for all past, present and future lost

wages, employment benefits and other costs incurred by Charolette Kuns

in connection with Charolette Kuns' termination of employment with

Waste Pro, including, without limitation, reasonable attorney's fees.

### AS TO ALL CLAIMS

D.  For all costs of suit herein; and

E.  For such other and further relief as the Court deems just and proper.

**RESPECTFULLY SUBMITTED,** this the 15th of February 2019.

*Charolette R Kuns*

**CHAROLETTE R. KUNS**

*John Paul Barber*

**Prepared By:**
**J. Paul Barber, MSB # 1983**
**2598 Pass Rd., Suite A**
**Biloxi, MS 39531**
**228-447-3522 (o)**
**228-220-1588 (f)**
**paul@jpaulbarberlaw.com**

I hereby certify that the above and for-
constitutes a true and correct copy.
Connie Ladner
Circuit Court Clerk

By _____ D.C.

### DEMAND FOR JURY TRIAL

**PLEASE TAKE NOTICE** that Plaintiff Charolette Kuns hereby demands trial

by jury for the claims set forth in her complaint.

# Notice of Eligibility and Rights & Responsibilities
# (Family and Medical Leave Act)

**U.S. Department of Labor**
Wage and Hour Division



OMB Control Number: 1235-0003
Expires: 5/31/2018

In general, to be eligible an employee must have worked for an employer for at least 12 months, meet the hours of service requirement in the 12 months preceding the leave, and work at a site with at least 50 employees within 75 miles. While use of this form by employers is optional, a fully completed Form WH-381 provides employees with the information required by 29 C.F.R. § 825.300(b), which must be provided within five business days of the employee notifying the employer of the need for FMLA leave. Part B provides employees with information regarding their rights and responsibilities for taking FMLA leave, as required by 29 C.F.R. § 825.300(b), (c).

**[Part A – NOTICE OF ELIGIBILITY]**

TO: ___Charolette Kuns___
Employee

FROM: ___Taka Green___
Employer Representative

DATE: ___06/19/2018___

On ___06/14/2018___, you informed us that you needed leave beginning on ___06/11/2018___ for:

_____ The birth of a child, or placement of a child with you for adoption or foster care;

__✔__ Your own serious health condition;

_____ Because you are needed to care for your _____ spouse; _____ child; _____ parent due to his/her serious health condition.

_____ Because of a qualifying exigency arising out of the fact that your _____ spouse; _____ son or daughter; _____ parent is on covered active duty or call to covered active duty status with the Armed Forces.

_____ Because you are the _____ spouse; _____ son or daughter; _____ parent; _____ next of kin of a covered servicemember with a serious injury or illness.

This Notice is to inform you that you:

__✔__ Are eligible for FMLA leave (See Part B below for Rights and Responsibilities)

_____ Are not eligible for FMLA leave, because (only one reason need be checked, although you may not be eligible for other reasons):

    _____ You have not met the FMLA's 12-month length of service requirement. As of the first date of requested leave, you will have worked approximately ___ months towards this requirement.
    _____ You have not met the FMLA's hours of service requirement.
    _____ You do not work and/or report to a site with 50 or more employees within 75-miles.

If you have any questions, contact ___Kimetra Leggins___ or view the
FMLA poster located in ___In this packet or onsite___

**[PART B-RIGHTS AND RESPONSIBILITIES FOR TAKING FMLA LEAVE]**

As explained in Part A, you meet the eligibility requirements for taking FMLA leave and still have FMLA leave available in the applicable 12-month period. **However, in order for us to determine whether your absence qualifies as FMLA leave, you must return the following information to us by** ___07/05/2018___. (If a certification is requested, employers must allow at least 15 calendar days from receipt of this notice; additional time may be required in some circumstances.) If sufficient information is not provided in a timely manner, your leave may be denied.

__✔__ Sufficient certification to support your request for FMLA leave. A certification form that sets forth the information necessary to support your request __✔__ is/_____ is not enclosed.

_____ Sufficient documentation to establish the required relationship between you and your family member.

_____ Other information needed (such as documentation for military family leave): _____

_____

_____

Case 1:18-cv-00047

Exhibit "1"

If your leave does qualify as FMLA leave you will have the following responsibilities while on FMLA leave (only checked blanks apply):

☑    Contact **Benefits Center** at **407-869-8800** to make arrangements to continue to make your share of the premium payments on your health insurance to maintain health benefits while you are on leave. You have a minimum 30-day (or, indicate longer period, if applicable) grace period in which to make premium payments. If payment is not made timely, your group health insurance may be cancelled, provided we notify you in writing at least 15 days before the date that your health coverage will lapse, or, at our option, we may pay your share of the premiums during FMLA leave, and recover these payments from you upon your return to work.

☑    You will be required to use your available paid ___ sick, ☑ vacation, and/or ☑ other leave during your FMLA absence. This means that you will receive your paid leave and the leave will also be considered protected FMLA leave and counted against your FMLA leave entitlement.

___    Due to your status within the company, you are considered a "key employee" as defined in the FMLA. As a "key employee," restoration to employment may be denied following FMLA leave on the grounds that such restoration will cause substantial and grievous economic injury to us. We ___ have/___ have not determined that restoring you to employment at the conclusion of FMLA leave will cause substantial and grievous economic harm to us.

___    While on leave you will be required to furnish us with periodic reports of your status and intent to return to work every _____. (Indicate interval of periodic reports, as appropriate for the particular leave situation).

If the circumstances of your leave change, and you are able to return to work earlier than the date indicated on the this form, you will be required to notify us at least two workdays prior to the date you intend to report for work.

If your leave does qualify as FMLA leave you will have the following rights while on FMLA leave:

○    You have a right under the FMLA for up to 12 weeks of unpaid leave in a 12-month period calculated as:

     ___    the calendar year (January – December).

     ___    a fixed leave year based on _____

     ___    the 12-month period measured forward from the date of your first FMLA leave usage.

     ☑    a "rolling" 12-month period measured backward from the date of any FMLA leave usage.

○    You have a right under the FMLA for up to 26 weeks of unpaid leave in a single 12-month period to care for a covered servicemember with a serious injury or illness. This single 12-month period commenced on _____

○    Your health benefits must be maintained during any period of unpaid leave under the same conditions as if you continued to work.

○    You must be reinstated to the same or an equivalent job with the same pay, benefits, and terms and conditions of employment on your return from FMLA-protected leave. (If your leave extends beyond the end of your FMLA entitlement, you do not have return rights under FMLA.)

○    If you do not return to work following FMLA leave for a reason other than: 1) the continuation, recurrence, or onset of a serious health condition which would entitle you to FMLA leave; 2) the continuation, recurrence, or onset of a covered servicemember's serious injury or illness which would entitle you to FMLA leave; or 3) other circumstances beyond your control, you may be required to reimburse us for our share of health insurance premiums paid on your behalf during your FMLA leave.

○    If we have not informed you above that you must use accrued paid leave while taking your unpaid FMLA leave entitlement, you have the right to have ___ sick, ___ vacation, and/or ___ other leave run concurrently with your unpaid leave entitlement, provided you meet any applicable requirements of the leave policy. Applicable conditions related to the substitution of paid leave are referenced or set forth below. If you do not meet the requirements for taking paid leave, you remain entitled to take unpaid FMLA leave.

     ___ For a copy of conditions applicable to sick/vacation/other leave usage please refer to _____ available at: _____

     ___ Applicable conditions for use of paid leave: _____

I hereby certify that the above and foregoing constitutes a true and correct copy

Connie Ladner
Circuit Court Clerk

By _____ D.C.

Once we obtain the information from you as specified above, we will inform you, within 5 business days, whether your leave will be designated as FMLA leave and count towards your FMLA leave entitlement. If you have any questions, please do not hesitate to contact:

**Kimetra Leggins** at **228-818-5393 ext. 223** _____

**PAPERWORK REDUCTION ACT NOTICE AND PUBLIC BURDEN STATEMENT**

It is mandatory for employers to provide employees with notice of their eligibility for FMLA protection and their rights and responsibilities. 29 U.S.C. § 2617; 29 C.F.R. § 825.300(b), (c). It is mandatory for employers to retain a copy of this disclosure in their records for three years. 29 U.S.C. § 2616; 29 C.F.R. § 825.500. Persons are not required to respond to this collection of information unless it displays a currently valid OMB control number. The Department of Labor estimates that it will take an average of 10 minutes for respondents to complete this collection of information, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. If you have any comments regarding this burden estimate or any other aspect of this collection information, including suggestions for reducing this burden, send them to the Administrator, Wage and Hour Division, U.S. Department of Labor, Room S-3502, 200 Constitution Ave., NW, Washington, DC 20210. **DO NOT SEND THE COMPLETED FORM TO THE WAGE AND HOUR DIVISION.**



Charolette R Kuns
6512 Timbertrail Dr.
Vancleave, Mississippi 39565

June 19, 2018

Re: Family Medical Leave & Short-Term Disability Request

We were notified of your need for Family Medical Leave. Attached you will find FML paperwork. **The Certification of Health Care Provider form** needs to be completed by your Attending Physician and submitted back to Waste Pro by the date listed on the **Notice of Eligibility and Rights & Responsibilities form**. If the forms are not submitted back to us by the date stated, your FML will not be approved and you risk your employment with the company. It is important to notify us if there is a delay in this paperwork.

Once we receive the Certification of Health Care Provider forms, you will receive a Designation Notice with the determination in the mail.

You currently are enrolled with Short Term Disability (STD) and may request payment from the carrier, Principal Financial Group for your serious medical condition. Please complete the forms within the packet and remit them back to Waste Pro once they are all completed. Please do not send in the forms until you and your Attending Physician have completed all the forms.

If you have any questions or concerns, please feel free to contact Waste Pro's Benefits Department. Thank you.

Cordially,

The Benefits Department
Phone: 407-869-8800
Fax: 407-772-0852

I hereby certify that the above and foregoing
constitutes a true and correct copy.
Connie Ladner
Circuit Court Clerk

By _Dona Porter_ D.C.

**Certification of Health Care Provider for**
**Employee's Serious Health Condition**
**(Family and Medical Leave Act)**

**U.S. Department of Labor**
Wage and Hour Division



OMB Control Number: 1235-0003
Expires: 5/31/2018

### SECTION I: For Completion by the EMPLOYER

**INSTRUCTIONS to the EMPLOYER:** The Family and Medical Leave Act (FMLA) provides that an employer may require an employee seeking FMLA protections because of a need for leave due to a serious health condition to submit a medical certification issued by the employee's health care provider. Please complete Section I before giving this form to your employee. Your response is voluntary. While you are not required to use this form, you may not ask the employee to provide more information than allowed under the FMLA regulations, 29 C.F.R. §§ 825.306-825.308. Employers must generally maintain records and documents relating to medical certifications, recertifications, or medical histories of employees created for FMLA purposes as confidential medical records in separate files/records from the usual personnel files and in accordance with 29 C.F.R. § 1630.14(c)(1), if the Americans with Disabilities Act applies, and in accordance with 29 C.F.R. § 1635.9, if the Genetic Information Nondiscrimination Act applies.

Employer name and contact: Waste Pro USA- Taka Gmen

Employee's job title: _____ Regular work schedule: _____

Employee's essential job functions: _____

_____

Check if job description is attached: ✔

### SECTION II: For Completion by the EMPLOYEE

**INSTRUCTIONS to the EMPLOYEE:** Please complete Section II before giving this form to your medical provider. The FMLA permits an employer to require that you submit a timely, complete, and sufficient medical certification to support a request for FMLA leave due to your own serious health condition. If requested by your employer, your response is required to obtain or retain the benefit of FMLA protections. 29 U.S.C. §§ 2613, 2614(c)(3). Failure to provide a complete and sufficient medical certification may result in a denial of your FMLA request. 29 C.F.R. § 825.313. Your employer must give you at least 15 calendar days to return this form. 29 C.F.R. § 825.305(b).

Your name: Charolette _____     Kuns _____
First                             Middle                        Last

### SECTION III: For Completion by the HEALTH CARE PROVIDER

**INSTRUCTIONS to the HEALTH CARE PROVIDER:** Your patient has requested leave under the FMLA. Answer, fully and completely, all applicable parts. Several questions seek a response as to the frequency or duration of a condition, treatment, etc. Your answer should be your best estimate based upon your medical knowledge, experience, and examination of the patient. Be as specific as you can; terms such as "lifetime," "unknown," or "indeterminate" may not be sufficient to determine FMLA coverage. Limit your responses to the condition for which the employee is seeking leave. Do not provide information about genetic tests, as defined in 29 C.F.R. § 1635.3(f), genetic services, as defined in 29 C.F.R. § 1635.3(e), or the manifestation of disease or disorder in the employee's family members, 29 C.F.R. § 1635.3(b). Please be sure to sign the form on the last page.

Provider's name and business address: Whitney Moore 14213 Cook Rd Bldg A

Type of practice / Medical specialty: Family NP         Bloxi MS 39532

Telephone: ( 228 ) 575-2545         Fax: ( 228 ) 504-872-8029

Page 1                    CONTINUED ON NEXT PAGE              Form WH-380-E  Revised May 2015

Exhibit "2"

**PARTIAL CERTIFICATION**

1. Approximate date condition commenced: _April 2018_

Probable duration of condition: _unknown_

**Mark below as applicable:**
Was the patient admitted for an overnight stay in a hospital, hospice, or residential medical care facility?
_✓_No ___Yes. If so, dates of admission:

_____

Date(s) you treated the patient for condition:

_____5-29-18_____10-19-18_____

Will the patient need to have treatment visits at least twice per year due to the condition? ___No _✓_Yes.

Was medication, other than over-the-counter medication, prescribed? ___No _✓_ Yes.

Was the patient referred to other health care provider(s) for evaluation or treatment (e.g., physical therapist)?
___No _✓_ Yes. If so, state the nature of such treatments and expected duration of treatment:

_Gastroenterologist – Colonoscopy/EGD_

2. Is the medical condition pregnancy? _✓_No ___Yes. If so, expected delivery date: _____

3. Use the information provided by the employer in Section I to answer this question. If the employer fails to provide a list of the employee's essential functions or a job description, answer these questions based upon the employee's own description of his/her job functions.

Is the employee unable to perform any of his/her job functions due to the condition: ___No _✓_ Yes.

If so, identify the job functions the employee is unable to perform:

_drive/operate heavy equipment_

4. Describe other relevant medical facts, if any, related to the condition for which the employee seeks leave (such medical facts may include symptoms, diagnosis, or any regimen of continuing treatment such as the use of specialized equipment):

_Weakness, dizziness, diarrhea_

_____

_____

_____

_____

_____

PART B: AMOUNT OF LEAVE NEEDED

5. Will the employee be incapacitated for a single continuous period of time due to his/her medical condition, including any time for treatment and recovery?  ___No  ✓ Yes.

   If so, estimate the beginning and ending dates for the period of incapacity: 6-11-18 to 9-11-18

6. Will the employee need to attend follow-up treatment appointments or work part-time or on a reduced schedule because of the employee's medical condition?  ___No  ✓ Yes.

   If so, are the treatments or the reduced number of hours of work medically necessary?
   ___No  ✓ Yes.

   Estimate treatment schedule, if any, including the dates of any scheduled appointments and the time required for each appointment, including any recovery period:

   Outpatient trot Scheduled for GI

   Estimate the part-time or reduced work schedule the employee needs, if any:

   _____ hour(s) per day; _____ days per week from _____ through _____

7. Will the condition cause episodic flare-ups periodically preventing the employee from performing his/her job functions?  ___No ___Yes.   Unknown @ this time
   Is it medically necessary for the employee to be absent from work during the flare-ups?
   ____ No ____Yes. If so, explain:

   _____
   _____

   Based upon the patient's medical history and your knowledge of the medical condition, estimate the frequency of flare-ups and the duration of related incapacity that the patient may have over the next 6 months (e.g., 1 episode every 3 months lasting 1-2 days):

   Frequency            : _____ times per _____ week(s) _____ month(s)

        Duration: _____ hours or ___ day(s) per episode

ADDITIONAL INFORMATION: IDENTIFY QUESTION NUMBER WITH YOUR ADDITIONAL ANSWER:

   Work up in progress

   _____
   _____
   _____
   _____
   _____
   _____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

I hereby certify that the above and foregoing
constitutes a true and correct copy.
Connie Ladner
Circuit Court Clerk

By _____ D.C.

**Signature of Health Care Provider**          **Date** 6/26/18

## PAPERWORK REDUCTION ACT NOTICE AND PUBLIC BURDEN STATEMENT

If submitted, it is mandatory for employers to retain a copy of this disclosure in their records for three years. 29 U.S.C. § 2616; 29 C.F.R. § 825.500. Persons are not required to respond to this collection of information unless it displays a currently valid OMB control number. The Department of Labor estimates that it will take an average of 20 minutes for respondents to complete this collection of information, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. If you have any comments regarding this burden estimate or any other aspect of this collection information, including suggestions for reducing this burden, send them to the Administrator, Wage and Hour Division, U.S. Department of Labor, Room S-3502, 200 Constitution Ave., NW, Washington, DC 20210. **DO NOT SEND COMPLETED FORM TO THE DEPARTMENT OF LABOR; RETURN TO THE PATIENT.**

## Designation Notice
### (Family and Medical Leave Act)

**U.S. Department of Labor**
Wage and Hour Division



OMB Control Number 1235-0003
Expires: 5/31/2018

Leave covered under the Family and Medical Leave Act (FMLA) must be designated as FMLA-protected and the employer must inform the employee of the amount of leave that will be counted against the employee's FMLA leave entitlement. In order to determine whether leave is covered under the FMLA, the employer may request that the leave be supported by a certification. If the certification is incomplete or insufficient, the employer must state in writing what additional information is necessary to make the certification complete and sufficient. While use of this form by employers is optional, a fully completed Form WH-382 provides an easy method of providing employees with the written information required by 29 C.F.R. §§ 825.300(c), 825.301, and 825.305(c).

To:   Charlotte Kuns

Date:   08/10/2018

We have reviewed your request for leave under the FMLA and any supporting documentation that you have provided.
We received your most recent information on __07/10/2018_____ and decided:

   ✓   Your FMLA leave request is approved. All leave taken for this reason will be designated as FMLA leave.

**The FMLA requires that you notify us as soon as practicable if dates of scheduled leave change or are extended, or were initially unknown. Based on the information you have provided to date, we are providing the following information about the amount of time that will be counted against your leave entitlement:**

   ✓   Provided there is no deviation from your anticipated leave schedule, the following number of hours, days, or weeks will be counted against your leave entitlement: __06/11/2018 thru 09/02/2018_____

_____ Because the leave you will need will be unscheduled, it is not possible to provide the hours, days, or weeks that will be counted against your FMLA entitlement at this time. You have the right to request this information once in a 30-day period (if leave was taken in the 30-day period).

**Please be advised (check if applicable):**
_____ You have requested to use paid leave during your FMLA leave. Any paid leave taken for this reason will count against your FMLA leave entitlement.

   ✓   We are requiring you to substitute or use paid leave during your FMLA leave.

   ✓   You will be required to present a fitness-for-duty certificate to be restored to employment. If such certification is not timely received, your return to work may be delayed until certification is provided. A list of the essential functions of your position ____ is ✓ is not attached. If attached, the fitness-for-duty certification must address your ability to perform these functions.

_____ **Additional information is needed to determine if your FMLA leave request can be approved:**

_____ The certification you have provided is not complete and sufficient to determine whether the FMLA applies to your leave request. You must provide the following information no later than _____, unless it is not
                                                   (Provide at least seven calendar days)
practicable under the particular circumstances despite your diligent good faith efforts, or your leave may be denied.

_____
(Specify information needed to make the certification complete and sufficient)

_____ We are exercising our right to have you obtain a second or third opinion medical certification at our expense, and we will provide further details at a later time.

_____ Your FMLA Leave request is Not Approved.
_____ The FMLA does not apply to your leave request.
_____ You have exhausted your FMLA leave entitlement in the applicable 12-month period.

*I hereby certify that the above and foregoing constitutes a true and correct copy.*
*Connie Ladner*
*Circuit Court Clerk*
D.C.

### PAPERWORK REDUCTION ACT NOTICE AND PUBLIC BURDEN STATEMENT

It is mandatory for employers to inform employees in writing whether leave requested under the FMLA has been determined to be covered under the FMLA. 29 U.S.C. § 2617, 29 C.F.R. §§ 825.300(d), (e). It is mandatory for employers to retain a copy of this disclosure in their records for three years. 29 U.S.C. § 2616, 29 C.F.R. § 825.500. Persons are not required to respond to this collection of information unless it displays a currently valid OMB control number. The Department of Labor estimates that it will take an average of 10 – 30 minutes for respondents to complete this collection of information, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. If you have any comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, send them to the Administrator, Wage and Hour Division, U.S. Department of Labor, Room S-3502, 200 Constitution Ave., NW, Washington, DC 20210. **DO NOT SEND THE COMPLETED FORM TO THE WAGE AND HOUR DIVISION.**

Form WH-382 January 2009

Exhibit "4"

# COVER SHEET
## Civil Case Filing Form

*(To be completed by Attorney/Party Prior to Filing of Pleading)*

Mississippi Supreme Court
Administrative Office of Courts

Form AOC/01
(Rev 2016)

| Court Identification Docket # | | | Case Year | Docket Number |
|---|---|---|---|---|
| 2 4 1 | C I | | 2 0 1 9 | C I 0 4 7 |
| County # | Judicial District | Court ID (CH, CI, CO) | | Local Docket ID |
| 0 6 2 0 1 9 | | | | |
| Month | Date | Year | | |

This area to be completed by clerk | Case Number if filed prior to 1/1/94

In the CIRCUIT        Court of HARRISON        County — FIRST        Judicial District

**Origin of Suit (Place an "X" in one box only)**

| [X] Initial Filing | [ ] Foreign Judgment Enrolled | [ ] Transfer from Other court | [ ] Other |
|---|---|---|---|
| [ ] Remanded | [ ] Reinstated | [ ] Joining Suit/Action | [ ] Appeal |
| | [ ] Reopened | | |

**Plaintiff - Party(ies) Initially Bringing Suit Should Be Entered First - Enter Additional Plaintiffs on Separate Form**

Individual KUNS        CHAROLETTE        R

| Last Name | First Name | Maiden Name, if applicable | M.I. | Jr/Sr/III/IV |

___ Check ( x ) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
Estate of _____

___ Check ( x ) if Individual Plaintiff is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity
D/B/A or Agency _____

Business _____

Enter legal name of business, corporation, partnership, agency - If Corporation, indicate the state where incorporated

___ Check ( x ) if Business Plaintiff is filing suit in the name of an entity other than the above, and enter below:
D/B/A _____

Address of Plaintiff   11128 Morgan Lane, D'Iberville, MS 39540

Attorney (Name & Address)   John Paul Barber, 2598 Pass Rd., Suite A Biloxi, MS 39531        MS Bar No. 1983

___ Check ( x ) if Individual Filing Initial Pleading is NOT an attorney

Signature of Individual Filing:   *John Paul Barber*

**Defendant - Name of Defendant - Enter Additional Defendants on Separate Form**

Individual _____

| Last Name | First Name | Maiden Name, if applicable | M.I. | Jr/Sr/III/IV |

___ Check ( x ) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
Estate of _____

___ Check ( x ) if Individual Defendant is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity:
D/B/A or Agency _____

Business   WASTE PRO OF MISSISSIPPI, INC.

Enter legal name of business, corporation, partnership, agency - If Corporation, indicate the state where incorporated

___ Check ( x ) if Business Defendant is acting in the name of an entity other than the above, and enter below:
D/B/A _____

Attorney (Name & Address) - If Known _____

___ Check ( x ) if child support is contemplated as an issue in this suit.*
*If checked, please submit completed Child Support Information Sheet with this Cover Sheet

**Nature of Suit (Place an "X" in one box only)**

| Domestic Relations | Business/Commercial | Children/Minors - Non-Domestic | Real Property |
|---|---|---|---|
| [ ] Child Custody/Visitation | [ ] Accounting (Business) | [ ] Adoption - Contested | [ ] Adverse Possession |
| [ ] Child Support | [ ] Business Dissolution | [ ] Adoption - Uncontested | [ ] Ejectment |
| [ ] Contempt | [ ] Debt Collection | [ ] Consent to Abortion | [ ] Eminent Domain |
| [ ] Divorce:Fault | [ ] Employment [X] | [ ] Minor Removal of Minority | [ ] Eviction |
| [ ] Divorce: Irreconcilable Diff. | [ ] Foreign Judgment | [ ] Other | [ ] Judicial Foreclosure |
| [ ] Domestic Abuse | [ ] Garnishment | | [ ] Lien Assertion |
| [ ] Emancipation | [ ] Replevin | **Civil Rights** | [ ] Partition |
| [ ] Modification | [ ] Other | [ ] Elections | [ ] Tax Sale: Confirm/Cancel |
| [ ] Paternity | | [ ] Expungement | [ ] Title Boundary or Easement |
| [ ] Property Division | **Probate** | [ ] Habeas Corpus | [ ] Other |
| [ ] Separate Maintenance | [ ] Accounting (Probate) | [ ] Post Conviction Relief/Prisoner | |
| [ ] Term. of Parental Rights-Chancery | [ ] Birth Certificate Correction | [ ] Other | **Torts-Personal Injury/Property** |
| [ ] UIFSA (eff 7/1/97; formerly URESA) | [ ] Mental Health Commitment | | [ ] Bad Faith |
| [ ] Other | [ ] Conservatorship | **Contract** | [ ] Fraud |
| | [ ] Guardianship | [ ] Breach of Contract | [ ] Intentional Tort |
| **Appeals** | [ ] Heirship | [ ] Installment Contract | [ ] Loss of Consortium |
| [ ] Administrative Agency | [ ] Intestate Estate | [ ] Insurance | [ ] Malpractice - Legal |
| [ ] County Court | [ ] Minor's Settlement | [ ] Specific Performance | [ ] Malpractice - Medical |
| [ ] Hardship Petition (Driver License) | [ ] Muniment of Title | [ ] Other | [ ] Mass Tort |
| [ ] Justice Court | [ ] Name Change | **Statutes/Rules** | [ ] Negligence - General |
| [ ] MS Dept Employment Security | [ ] Testate Estate | [ ] Bond Validation | [ ] Negligence - Motor Vehicle |
| [ ] Municipal Court | [ ] Will Contest | [ ] Civil Forfeiture | [ ] Premises Liability |
| [ ] Other | [ ] Alcohol/Drug Commitment (involuntary) | [ ] Declaratory Judgment | [ ] Product Liability |
| | | [ ] Injunction or Restraining Order | [ ] Subrogation |
| | [ ] Alcohol/Drug Commitment (voluntary) | [ ] Other | [ ] Wrongful Death |
| | [ ] Other | | [ ] Other |

I hereby certify that the above and foregoing constitutes a true and correct copy.
Circuit Clerk
By _____ D.C.