IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

CHAROLETTE R. KUNS                                                    PLAINTIFF

V.                                    CIVIL ACTION NO. 1:19-CV-00234-HSO-JCG

WASTE PRO OF MISSISSIPPI, INC.
                                                                     DEFENDANT

## ANSWER TO COMPLAINT

Defendant, Waste Pro of Mississippi ("Waste Pro" or "Defendant") responds to the allegations contained in the Complaint filed by Plaintiff, Charolette Kuns ("Plaintiff") as follows:

## PARTIES

1.      Defendant admits the allegations contained in Paragraph 1 upon information and belief.

2.      Defendant admits the allegations contained in Paragraph 2 of the Complaint.

## JURISDICTION AND VENUE

3.      Defendant admits that this Court has jurisdiction over Plaintiff's claims.

4.      Defendant admits that this Court has jurisdiction over Plaintiff.

5.      Defendant admits that this Court has jurisdiction over it, but denies the remaining allegations contained in Paragraph 5.

6.      Defendant admits that venue is proper in this Court, but denies the remaining allegations contained in Paragraph 6.

## FACTS OF CASE

7.      Defendant admits the allegations contained in Paragraph 7.

8.      Defendant admits upon information and belief that Plaintiff worked for Delta Sanitation prior to being employed by Defendant.  Defendant denies the remaining allegations in Paragraph 8.

9.      Defendant admits that Plaintiff began working for it under its contract for waste collection with Jackson County.  Defendant denies the remaining allegations in Paragraph 9.

10.      Defendant admits that it promoted Plaintiff, but denies the remaining allegations in Paragraph 10 of the Complaint.

11.      Defendant denies the allegations in Paragraph 11 of the Complaint.

12.      Defendant admits that Plaintiff was moved to service its contract in Gulfport, Mississippi.  Defendant denies the remaining allegations in Paragraph 12.

13.      Defendant is without sufficient information to admit the allegations in Paragraph 13, and therefore denies the same.

14.      Defendant is without sufficient information to admit the allegations in Paragraph 14, and therefore denies the same.

15.      Defendant is without sufficient information to admit the allegations in Paragraph 15, and therefore denies the same.

16.      Defendant admits that in or around June 14, 2018, it received notice of Plaintiff's intent to take FMLA leave.  Defendant denies the remaining allegations contained in Paragraph 16.

17.      Defendant admits that it provided Plaintiff with FMLA paperwork and information regarding Short Term Disability on or around June 19, 2018.

2

18.     Defendant admits that on or about June 26, 2018, it received Plaintiff's FMLA paperwork reflecting an estimated period of incapacity of June 11, 2018 through September 11, 2018.  Defendant denies the remaining allegations contained in Paragraph 18.

19.     Defendant admits that it approved Plaintiff's FMLA leave.

20.     Defendant admits that Plaintiff was released to return to work on or about August 9, 2018.

21.     Defendant admits that Plaintiff was allowed to leave the work site on or about August 10, 2018 and that it was notified that Plaintiff would return to work on or about August 13, 2018, but denies the remaining allegations in Paragraph 21.

22.     Defendant admits that Plaintiff returned to work on or about August 13, 2018. Defendant denies the remaining allegations in Paragraph 22.

23.     Defendant admits that Plaintiff's employment was terminated on or about August 15, 2018.

24.     Defendant denies the allegations in Paragraph 24.

25.     Defendant admits that it is an employer as that term is defined under the Family Medical Leave Act.

26.     Defendant admits that Plaintiff is an eligible employee as that term is defined under the Family Medical Leave Act.

27.     Defendant denies the allegations contained in Paragraph 27.

28.     Defendant denies the allegations contained in Paragraph 28.

29.     Defendant denies the allegations contained in Paragraph 29 and further denies that Plaintiff is entitled to any recovery from Defendant.

## FIRST CLAIM FOR RELIEF

30.     Defendant incorporates its responses to the preceding paragraphs as if set forth fully herein.

31.     Defendant denies the allegations contained in Paragraph 31.

32.     Defendant denies the allegations contained in Paragraph 32.

33.     Defendant denies the allegations contained in Paragraph 33.

34.     Defendant denies the allegations contained in Paragraph 34.

## SECOND CLAIM FOR RELIEF

35.     Defendant incorporates its responses to the preceding paragraphs as if set forth fully herein.

36.     Defendant denies the allegations in Paragraph 36.

37.     Defendant denies the allegations in Paragraph 37 and further denies that Plaintiff is entitled to any declaratory relief or to any other relief from Defendant.

38.     Defendant denies the allegation set forth in Plaintiff's prayer for relief, beginning with the Paragraph which begins with "Wherefore" and including the subparagraphs A through E.

39.     Defendant denies that Plaintiff is entitled to a jury trial.

## AFFIRMATIVE AND OTHER DEFENSES

Defendant asserts the following affirmative and other defenses without assuming any burdens of production, persuasion, or proof that, pursuant to law, are not legally assigned to Defendant and are Plaintiff's burden to prove.  Defendant maintains that Plaintiff's claims are so vague as to render it impossible to identify every possible affirmative or other defense, and thus

expressly reserves its right to assert additional defenses should the precise nature of Plaintiff's claims become clear.

1.   Plaintiff's Complaint fails to state a claim upon which relief may be granted.

2.   Some or all of Plaintiff's claims are barred by the applicable statutes of limitations.

3.   Any injuries suffered by Plaintiff were caused by her own conduct.

4.     Plaintiff's claims are not actionable because the challenged employment practices are justified by legitimate, non-discriminatory, non-retaliatory, and non-pretextual business reasons unrelated to any impermissible factor.

5.   At all times, Defendant's actions were lawful, justified, and made in good faith.

6.     If any improper, illegal, or discriminatory act was taken by any Defendant employee against Plaintiff, it was outside the course and scope of that employee's employment, contrary to Defendant's policies, and was not ratified, confirmed, or approved by Defendant. Thus, any such actions cannot be attributed or imputed to Defendant.

7.     Plaintiff is not entitled to back pay or related damages for any period she was unavailable to perform work, if she is entitled to any relief at all.

8.     Plaintiff is not entitled to punitive or liquidated damages, to the extent that such damages are sought, because Defendant did not act with malice or with reckless indifference to her rights, and at all times Defendant made good faith efforts to prevent discrimination in the workplace and to act in conformity with the law.

9.     Plaintiff is not an "eligible employee" within the meaning of the FMLA, 29 U.S.C. § 2611(2) and 20 C.F.R. § 825.110.

10.     To the extent Defendant did not have adequate notice of Plaintiff's serious health condition and/or request for FMLA leave as required by the FMLA, Plaintiff has no standing to initiate this action and no right to relief under the FMLA.  29 U.S.C. § 2612.

11. Plaintiff is estopped from pursuing the claims set forth in the Complaint by reason of her own acts, omissions, and course of conduct.

12.     Plaintiff is barred from pursuing some, or all, of her claims or remedies by the doctrine of unclean hands.

13.     Plaintiff's claims are barred, or recovery should be offset, by the after-acquired evidence doctrine, if applicable.

14.     The Complaint sets forth claims that are frivolous, unreasonable, or without foundation, thus entitling Defendant to recover its attorney's fees for defending against such claims.

15.     Defendant reserves the right to assert additional defenses in the event that discovery indicates they would be appropriate.

**WHEREFORE**, having fully answered, Defendant prays that the Complaint be dismissed with prejudice, that judgment be entered in favor of Defendant, that Defendant recover against Plaintiff all costs, expenses and reasonable attorneys' fees incurred by Defendant, and such other and further relief as the Court deems just and proper.

This the 22nd day of April, 2019.

Respectfully submitted,

*/s/ M. Kimberly Hodges*

M. Kimberly Hodges (MS Bar No. 100276)
Kim.hodges@ogletree.com
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
6410 Poplar Avenue, Suite 300
Memphis, Tennessee  38119
Telephone:  (901) 767-4306
Facsimile:  (901) 766-7411

**ATTORNEYS FOR WASTE PRO OF
MISSISSIPPI, INC.**

**CERTIFICATE OF SERVICE**

I, the undersigned counsel certify that a copy of the foregoing is being served on counsel

for the Plaintiff and Harrison County Circuit Court, MS, as follows:

J. Paul Barber, Esq.
2598 Pass Rd., Suite A
Biloxi, MS  39531
paul@jpaulbarberlaw.com

**This the 22nd day of April, 2019.**

/s/ *M. Kimberly Hodges*
M. KIMBERLY HODGES

38075473.1
