**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

| | |
|---|---|
| **CHAROLETTE R. KUNS** | **PLAINTIFF** |
| **VS.** | **CASE NO.:  1:19-CV-00234-HSO-JCG** |
| **WASTE PRO OF MISSISSIPPI, INC.** | **DEFENDANT** |

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**COMES NOW,** Defendant, Waste Pro of Mississippi, Inc. ("Waste Pro"), by and through counsel of record, and, pursuant to Federal Rule of Civil Procedure 56, hereby submits its Motion for Summary Judgment, and, in support thereof, states the following:

This action arises out of Plaintiff, Charolette Kuns' ("Plaintiff"), allegation that Waste Pro interfered with her rights under the Family Medical Leave Act ("FMLA") and retaliated against her for exercising her FMLA rights.  In an argument wholly unsupported by the undisputed facts, Plaintiff claims that, despite the fact she received all leave she requested and benefits to which she is entitled, Waste Pro deprived her of a "right to an extended leave."  Plaintiff further claims that the elimination of her position during a reduction in force was retaliation for her exercise of FMLA rights despite the undisputed facts that Defendant made the decision to eliminate her position prior to her exercise of FMLA rights, six other employees with no prior FMLA activity were also terminated as part of the reduction in force, and Plaintiff refused Defendant's attempt to recall her when employee resignations made positions available again.

Defendant Waste Pro is entitled to summary judgment because:  (1) Plaintiff cannot meet her *prima facie* burden for a claim of FMLA interference because she received all of the benefits

to which she was entitled; (2) Plaintiff cannot meet her *prima facie* burden for a claim of FMLA retaliation because six other employees who had not exercised FMLA rights were also terminated; (3) Plaintiff cannot meet her *prima facie* burden for a claim of FMLA retaliation because she cannot show a relationship between the adverse action and her FMLA leave where the decision to terminate her was made <u>before</u> Waste Pro learned of her intent to take FMLA leave; and (4) even if she could satisfy her *prima facie* burden for an FMLA retaliation claim, Plaintiff cannot demonstrate that Waste Pro's stated reason for her termination is a pretext for a retaliatory motive.

For these reasons, and for those set forth in its contemporaneously filed Memorandum in Support of Defendant's Motion for Summary Judgment, Defendant respectfully requests that this Honorable Court grant its Motion, dismiss Plaintiff's Complaint in its entirety, and institute any and all further and appropriate relief in Defendant's favor.

|  |  |
|---|---|
| DATED: August 19, 2020. | **Respectfully submitted,** |
|  | OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C. |
|  | *s/ M. Kimberly Hodges* |
|  | M. Kimberly Hodges (MS Bar No. 100276) |
|  | International Place Tower II |
|  | 6410 Poplar Avenue, Suite 300 |
|  | Memphis, TN  38119 |
|  | Telephone:  901.767.6160 |
|  | Facsimile:  901.767.7411 |
|  | kim.hodges@ogletreedeakins.com |
|  | ***ATTORNEY FOR DEFENDANT*** |

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 19th day of August, 2020, a copy of the foregoing was electronically filed with the Clerk of Court using the Court's CM/ECF system. Notice of this filing will be sent to all Parties by operation of the Court's electronic filing system.

        *s/ M. Kimberly Hodges*
        M. Kimberly Hodges (MS Bar No. 100276)
        *Counsel for Defendant*